UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:07-52

UNITED STATES OF AMERICA,                                                               PLAINTIFF,

v.                                          **OPINION AND ORDER**

JOSEPH EDELSTEIN, SUZANNE EDELSTEIN,
THOMAS B. BOND and HOLLAND PHARMACY,                                  DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motions for Summary Judgment filed by the Plaintiff the United States of America (DE 27) and the Defendant Thomas B. Bond (DE 22). For the following reasons, both motions will be denied.

### I.     UNDISPUTED FACTS.

The United States filed this Complaint against four Defendants: Joseph Edelstein and his wife, Suzanne Edelstein; Holland Pharmacy, which Joseph Edelstein owned and operated; and Thomas B. Bond, who worked at the pharmacy. Both Bond and Joseph Edelstein were licensed pharmacists.

In late 2007, Bond and Joseph Edelstein pleaded guilty in this Court to knowingly selling prescription drug samples in violation of the Prescription Drug Marketing Act at 21 U.S.C. 353 (c)(1). That statute prohibits any person from selling drug samples. *United States v. Edelstein et al.*, Case No. 3:06-cr-00028-KKC (E.D. Ky. filed Aug. 3, 2006).

In this civil action, the United States charges that the four Defendants also defrauded Medicaid when they sold the drug samples to Holland Pharmacy customers. The government

charges that, after selling sample drugs, Joseph Edelstein and Bond would cause false and fraudulent claims for full payment of the prescription drugs to be submitted to Medicaid or Passport Health Plan, which is under contract with the Department of Medicaid Services to operate the Kentucky Medicaid program.

The government asserts that, with these actions, certain of the four Defendants violated three provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*.

In Count 1 of the Complaint, the government asserts that Joseph Edelstein, Bond, and Holland Pharmacy violated the FCA at 31 U.S.C. 3729(a)(1).[1]  That statute prohibits any person from knowingly presenting or causing to be presented, to a federal officer or employee, a fraudulent claim for payment or approval.  The government charges that Joseph Edelstein, Bond, and Holland Pharmacy violated this provision by presenting or causing to be presented false claims to the Medicaid program for reimbursement.

In Count II of the Complaint, the government charges that these three Defendants violated another provision of the FCA at 31 U.S.C. 3729(a)(2). This provision prohibits any person from knowingly making or using, or causing to be made or used, a false record or statement to get a fraudulent claim paid or approved by the government.  The government charges that Joseph Edelstein, Bond, and Holland Pharmacy violated this provision by submitting false claims for sample drugs to Medicaid and Passport "based on certifications of compliance with state and federal laws."

---

[1]  Since the time of the government's Complaint, the FCA has been amended.  *See* Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat 1617.  In this Opinion, all references to 31 U.S.C. § 3729 refer to the version of the FCA in force at the time of the alleged violations.  The government mistakenly cites 31 U.S.C. § 3739 instead of 31 U.S.C. § 3729 in Counts 1 to 3 of its Complaint.

In Count III, the government charges that Bond, Joseph Edelstein, and Edelstein's wife, Suzanne, violated a third provision of the FCA at 31 U.S.C. § 3729(a)(3). That provision prohibits any person from conspiring to defraud the government by getting a false or fraudulent claim allowed or paid. Specifically, the Complaint charges that these Defendants obtained sample prescription drugs from a local physician; removed the drugs from their original sample packaging that indicated they were not for resale; repackaged the sample drugs; sold the drugs to Holland Pharmacy customers; and submitted false and fraudulent claims for reimbursement for the sample drugs to Medicaid and Passport.

In addition to the claims under the FCA, the government also asserts common law claims for payment by mistake and unjust enrichment against all four Defendants based on these alleged acts.

## II. SUMMARY JUDGMENT STANDARD.

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.*

### III. BOND'S SUMMARY JUDGMENT MOTION (DE 22).

Bond moves for summary judgment, arguing that he cannot be held liable for violating the FCA because he is not a Medicaid "provider." He argues that Jospeh Edelstein is the only Defendant that entered into a "Provider Agreement." The government asserts in its Complaint, that, in order to obtain reimbursement from Medicaid, pharmacies must enter into a "Provider Agreement." The government does not allege that Bond entered into such an agreement.

Nevertheless, the FCA does not just govern the actions of Medicaid "providers" but instead broadly prohibits the submission of false claims and associated false statements by any "person." 31 U.S.C. § 3729(a). Accordingly, whether Bond entered into a Provider Agreement or was a "provider" is irrelevant to the FCA charges against him.

Bond has not raised and this Opinion does not address whether Bond can be individually liable under the FCA if he himself did not actually receive any payment by the government. Nor does Bond argue that he cannot be liable under the FCA because he did not actually submit any claims for payment to the government. Accordingly, the Court does not address the issue of Bond's liability under the FCA if he did not submit any of the claims for payment at issue.

Bond has argued only that he is entitled to summary judgment because he is not a Medicaid "provider." That motion must be denied.

### IV. UNITED STATES' MOTION FOR SUMMARY JUDGMENT (DE 27).

The United States also moves for summary judgment against all four defendants. As to Joseph Edelstein and Bond, the government argues that they are estopped from denying liability under the FCA because they pleaded guilty in the criminal action to violating the Prescription Drug Marketing Act. In support of this argument, the government cites another provision of the FCA, 31 U.S.C. § 3731(d),[2] which provides as follows:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

Neither Bond nor Edelstein, however, pleaded guilty to a charge of fraud or false statements. They pleaded guilty to knowingly selling prescription drug samples in violation of the Prescription Drug Marketing Act at 21 U.S.C. 353 (c)(1). The government has not argued that the essential elements of that crime include fraud or false statements and the Court has found no support for any such argument. The United States may well ultimately prevail in its civil action against Joseph Edelstein and Bond. However, these Defendants are not estopped from denying the essential elements of the FCA claims against them under Section 3731(d).

Accordingly, the United States' Motion for Summary Judgment against Joseph Edelstein and Bond must be denied.

As to Holland Pharmacy, the United States moves for summary judgment on the basis that it and Joseph Edelstein are alter egos. Because the Court has denied the United States motion as to Joseph Edelstein, it will also deny the motion as to Holland Pharmacy.

---

[2] The current version of this provision is found at 31 U.S.C. § 3731(e).

As to Suzanne Edelstein, the United States moves for summary judgment on the basis that "witnesses indicate that she conspired with her husband, Joseph, and other pharmacy employees to take the sample drugs out of their original packaging." The United States also asserts that Suzanne Edelstein "physically assisted in 'shucking' and repackag[ing] the drugs for sale at Holland Pharmacy." The United States cites no evidence supporting these assertions. Accordingly, its Motion for Summary Judgment against Suzanne Edelstein will also be denied.

For all these reasons, the Court hereby ORDERS that Defendant Thomas B. Bond's Motion for Summary Judgment (DE 22) and the United States' Motion for Summary Judgment (DE 27) are DENIED.

Dated this 16th day of September, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge